UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOA ESHRAGHI,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Case No.: 1:13-cv-00936 - JLT<br><br>ORDER REMANDING THE ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF SHOA ESHRAGHI AND AGAINST DEFENDANT CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY |

Shoa Eshraghi ("Plaintiff") asserts he is entitled to disability insurance benefits under Title II of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in relying on the testimony of the vocational expert to find he is able to perform work in the national economy. For the reasons set forth below, the action is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. §495(g).

**I.      Procedural History**

Plaintiff filed his application for supplemental security income on March 22, 2010, alleging disability beginning June 1 2008. (Doc. 12-3 at 11.) The Social Security Administration denied his claims initially and upon reconsideration. (Doc. 12-5 at 2-5, 9-13.) After requesting a hearing, Plaintiff testified before an administrative law judge ("ALJ") on November 22, 2011. (Doc. 12-3 at 23.) The ALJ determined Plaintiff was not disabled under the Social Security Act, and issued an order

denying benefits on January 18, 2012.  (*Id.* at 8-18.)  The Appeals Council denied Plaintiff's request for review of the decision on April 19, 2013.  (*Id*. at 2-4.)  Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

## II.     Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act.  When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion."  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III.    Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).  The burden of proof is on a claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).  If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial

gainful employment.  *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

**IV.   Administrative Determination**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level.  *Id.*

Pursuant to the five-step process, the ALJ determined first that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of June 1, 2008 through his date last insured of December 31, 2008." (Doc. 12-3 at 13.)  Second, the ALJ found Plaintiff's severe impairments, through his date last insured, included: "history of sciatic nerve pain; history of nephrolithiasis; history of lung resection for a benign tumor; diabetes mellitus, well controlled; hyperlipidemia; and status post mitral valve replacement on Coumadin." (*Id.*)  Next, the ALJ found Plaintiff did not have an impairment or a combination of impairments that met or medically equaled a Listing. (*Id.* at 14.)

The ALJ determined Plaintiff had the following residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 CFR 404.1567(b)."[1]  (Doc. 12-3 at 19.)  Further, based upon the testimony of a vocational expert, the ALJ found Plaintiff had "acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy." (*Id.* at 17.)  Consequently, the ALJ concluded Plaintiff "was not under a disability, as defined by the Social Security Act, "at any time from June 1, 2008, the alleged onset date, through December 31, 2008, the date last insured." (*Id.*)

---

[1] The Regulations provide: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

## V.  Discussion and Analysis

According to Plaintiff, the ALJ erred in evaluating his transferable skills. (Doc. 14 at 6.) Plaintiff notes that he was 60 years old during the relevant period, "which is defined as an individual closely approaching retirement age." (Doc. 14 at 6; *see also* Doc. 12-3 at 16.) Plaintiff contends that, in light of his age, he cannot be expected to make the vocational adjustments demanded by the positions identified by the vocational expert and the ALJ. (Doc. 14 at 7-11.) On the other hand, Defendant argues the vocational expert and ALJ "identified positions requiring largely similar skills including positions at [a] much lower skill level." (Doc. 15 at 5.) Accordingly, Defendant asserts "[t]he ALJ properly evaluated Plaintiff's transferable skills." (*Id.*)

### A.  Transferability of work skills

A work "skill" is defined as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn)." SSR[2] 82-41, 1982 SSR LEXIS 34 at *4, 1982 WL 31389 at *2. Thus, a "skill' involves "practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner." *Id.* A skill is considered transferable when an individual can apply work skills obtained "in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs." *Id.* The Ninth Circuit explained that "[a] finding of transferability is most probable among jobs that involve: (1) the same or lesser degree of skill; (2) a similarity of tools; and (3) a similarity of services or products." *Renner v. Heckler*, 786 F.2d 1421, 1423 (9th Cir. 1986) (citing 20 C.F.R. § 404.1568(d)(2)).

When a claimant is of an advanced age or approaching retirement age, the Regulations "require that for skills to be transferable to other jobs, there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." *Renner*, 786 F.2d at 1423

---

[2] Social Security Rulings (SSR) are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). Though they do not have the force of law, the Ninth Circuit gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989); *see also Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) ("SSRs reflect the official interpretation of the [SSA] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations").

(citing 20 C.F.R § 404, Appendix 2, Table I, Rule 201.00(f)). Specifically, the Regulations explain to claimants: "If you are closely approaching retirement age (age 60 or older) and you have a severe impairment that limits you to no more than light work, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. 404.1568(d)(4) (emphasis omitted).

### B. The ALJ's findings

The Social Security Regulations authorize the ALJ to consult with a vocational expert "to ascertain whether a given skill or set of skills are transferable in a claimant's particular case." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1125 (9th Cir. 2009) (citing SSR 82-41). If an ALJ determines a claimant has acquired transferable work skills from past employment, the ALJ must identify the skills, and positions to which they may be transferred. *Id.*, 554 F.3d at 1223-26. The Ninth Circuit observed that Social Security Ruling 82-41 states, in relevant part:

> When the issue of skills and their transferability must be decided, the … ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation.
>
> When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the … ALJ's decision …. It is important that these findings be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court.

*Bray*, 554 F.3d at 1223 (quoting SSR 82-41, 1982 SSR LEXIS 34 at *19, 1982 WL 31389, at *7). In addition, when a claimant is approaching retirement age, the ALJ must find the clamant would be able to perform "jobs with very little, if any, vocational adjustment." *Renner*, 786 F.2d at 1424.

Here, the ALJ called upon a vocational expert to determine whether Plaintiff had acquired any transferable skills from his work as a manager of an automobile service station, which was classified as skilled by the *Dictionary of Occupational Titles*.[3] (Doc. 12-3 at 17, 54.) The vocational expert opined Plaintiff had acquired the skills to deal with customer service, cashiering, completing paperwork for

---

[3] *The Dictionary of Occupational Titles* ("*DOT*") by the United States Dept. of Labor, Employment & Training Admin., may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The *DOT* classifies jobs by their exertional and skill requirements, and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1).

goods and inventory, working with the public, and "a certain amount of security." (*Id.* at 54-55.) The vocational expert testified that an individual limited to light work and the same age as Plaintiff, with a college education and same work history, would have transferable skills for jobs such as sales clerk, *DOT* 290.477-014; storage facility rental clerk, *DOT* 295.367-026; and customer service/security, *DOT* 372.667-038; retail store manager, *DOT* 185-167-046; and food concessions manager, *DOT* 185.167-022. (*Id.* at 54-55.) Relying on the vocational expert's testimony, the ALJ concluded Plaintiff "had acquired work skills from past relevant work that were transferable to other occupations existing in significant numbers in the national economy." (*Id.* at 17.)

Significantly, however, the Ninth Circuit has determined it is insufficient for an ALJ to merely identify transferable skills and jobs that incorporate those skills for an individual close to retirement age. Rather, "the ALJ must make either a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration [the] appellant's age." *Renner*, 786 F.2d at 1424. The Ninth Circuit found the ALJ erred where the record was "silent as to the amount of 'vocational adjustment' required" and "the vocational expert failed to demonstrate [the claimant] would be able to perform [new positions] with very little, if any, vocational adjustment." *Renner*, 786 F.2d at 1424. Similarly, here, the ALJ failed to carry her burden to determine whether Plaintiff would be required to make any vocational adjustments.

The ALJ did not elicit testimony from the vocational testimony regarding whether the jobs identified would require Plaintiff to make a vocational adjustment, and failed to compare the industries, tools, work processes, or work settings. Because the ALJ failed to discuss whether Plaintiff would be required to make any vocational adjustments prior to determining that Plaintiff is able to perform work in the national economy, the ALJ's findings were deficient. *See* 20 C.F.R. 404.1568(d)(4); *Renner*, 786 F.2d at 1424; *Coletta v. Massanari,* 163 F.Supp.2d 1101, 1106 (N.D. Cal. 2001) (finding the ALJ erred where the ALJ failed to "make a specific finding that very little vocational adjustment was required to transfer [the claimant's] skills").

**C.     Remand is appropriate in this matter**

The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or to order immediate payment of benefits is within the discretion of the District Court. *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000).  Except in rare instances, when a court reverses an administrative agency determination, the proper course is to remand to the agency for additional investigation or explanation.  *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).  Generally, an award of benefits is directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  In addition, an award of benefits is directed when no useful purpose would be served by further administrative proceedings, or where the record has been fully developed.  *Varney v. Sec'y of Health & Human Serv.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

Here, the issue of vocational adjustment must be resolved before a determination may be made regarding Plaintiff's ability to work in the national economy.  The ALJ failed to obtain testimony from the vocational expert regarding what vocational adjustments, if any, Plaintiff would be required to make between his past relevant work as the manager of an automobile service station to the positions in other industries identified by the vocational expert.  This information is necessary to determine whether Plaintiff has skills transferable to skilled or semiskilled light work, and whether Plaintiff is able to perform work existing in significant numbers in the economy.  *See, e.g., Renner*, 786 F.2d at 1423, 1425 (where "the record [was] silent as to the amount of 'vocational adjustment' required, the Court remanded the action to develop the record sufficiently "to establish transferability or marketability of skills in light of [the] appellants advanced age"); *Coletta,* 163 F.Supp.2d at 1106 (remanding the matter for the ALJ "to gather sufficient evidence to enable him to make a specific finding with regard to the issue of… vocational adjustment").  Consequently, a remand for further proceedings is appropriate in this matter.

## VI.     Conclusion and Order

For the reasons set forth above, the Court finds the ALJ erred by failing to make a specific finding that very little vocational adjustment was required to transfer Plaintiff's skills to the new jobs identified by the vocational expert.  Because the ALJ failed to apply the proper legal standards, the administrative decision should not be upheld by the Court.  *See Sanchez*, 812 F.2d at 510.

Accordingly, **IT IS HEREBY ORDERED**:

1. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is **REMANDED** for further proceedings consistent with this decision; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Plaintiff Shoa Eshraghi and against Defendant Carolyn Colvin, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **May 5, 2014**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE